IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVE SCARDINA, individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | 11-cv-3149 |
| v. | ) ) | Judge George W. Lindberg |
| MIDLAND CREDIT MANAGEMENT, INC.; MIDLAND FUNDING LLC; ENCORE CAPITAL GROUP, INC, | ) ) ) ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO BAR ANY OBJECTIONS
BASED ON A NEED FOR PROTECTIVE ORDER**

Plaintiff Dave Scardina ("Plaintiff") respectfully requests that this Court enter an order determining that Defendants are barred from raising any objections in responses to Plaintiff's discovery requests on the grounds that such information or documentation cannot be produced without a protective order based on Defendants' failure to review, discuss, or enter into an agreeable protective order.

In support of this motion, Plaintiff states as follows:

1. In an effort to collect a credit card debt, Plaintiff has alleged that Defendant MCM placed at least 16 automated calls to Plaintiff's cell phone and that the caller ID was blocked. Plaintiff did not consent to the calls or provide his cell phone number to Defendants or the creditor. Indeed, Plaintiff sent a letter to the previous debt collector acting on behalf of his creditor to stop calling his telephone number. Plaintiff has alleged that his cell phone number was obtained through skip tracing. Plaintiff alleges that Defendant Midland Credit Management Inc, ("MCM") violated the

Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). by placing the automated calls to plaintiff's cell phone and that Defendant's Midland Funding LLC and Encore Capital Croup, Inc. are liable for MCM's acts.

2. Plaintiff filed the instant action on May 11, 2011. On June 8, 2011, this Court ordered that discovery, including expert discovery, be completed by September 28, 2011. (Dkt. No. 22).

3. On June 16, 2011, during the parties initial Rule 26(f) Conference, defense counsel indicated that Defendants would need a protective order in order to respond to the topics raised by Plaintiff's counsel. The parties agreed to file the protective in advance of responding to discovery in order to avoid any delay in production of information and documentation (Exhibit A).

4. That same day, Plaintiff's counsel sent Defendants' counsel a draft protective order that was acceptable to Plaintiff and which Defendants have agreed to in numerous cases in the past with Plaintiff's counsel.

5. Plaintiff issued his first set of discovery requests on June 16, 2011 and Defendants are required to respond by July 18, 2011.

6. On June 28, 2011 Plaintiff's counsel sent an email to Defendants' counsel asking whether she had any comments or changes to the protective order (Exhibit B).

7. Defendant's counsel failed to respond as to whether she had any change to the proposed protective order.

8. Again on June 29, 2011, Plaintiff's counsel requested that defense counsel provide any changes to the proposed protective order (Exhibit C).

2

9. On June 29, 2011 Defense counsel responded to Plaintiff's counsel that "While it appears that this is your only case, I have dozens. I will respond to you in due course...I am almost certain I will approve the protective order but I am just waiting for confirmation from the client, I hope to have this by the end of the week" (Exhibit D).

10. As of the date of this filing, defense counsel has failed to provide any changes to the propose protective order nor has she indicated an agreement to the terms proposed.

11. Plaintiff does not take any position on whether any documents or information responsive to Plaintiff's discovery requests should be protected under Rule 26(c).

12. Given the short discovery time period in this matter, Plaintiff's counsel seeks to avoid any delay in Defendant's production of discovery. Plaintiff, therefore, requests that Defendant be barred from raising any objections based upon the need for the entry of a protective order as grounds for not producing any information or documentation which is responsive to Plaintiff's requests.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order barring Defendants from raising any objections based upon the need for the entry of a protective order as grounds for not producing any information or documentation which is responsive to Plaintiff's requests.

                                                Respectfully submitted,

                                                s/Cassandra P. Miller
                                                Cassandra P. Miller

Curtis C. Warner     (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

      I, Cassandra P. Miller, hereby certify that on July 8, 2011, I caused to be filed the foregoing documents via the CM/ECF System. I also caused the foregoing document to be sent via US mail to the following:

Renee L. Zipprich
Theodore Seitz
James Golden
Dykema Gossett, PLLC
10 South Wacker Drive
Suite 2300
Chicago, IL 60606

                                                       s/ Cassandra P. Miller
                                                       Cassandra P. Miller