# EXHIBIT A

**Cassandra P. Miller**

| | |
|---|---|
| **From:** | Cassandra P. Miller |
| **Sent:** | Thursday, June 16, 2011 1:35 PM |
| **To:** | 'Zipprich, Renee'; 'jgolden@dykema.com' |
| **Cc:** | 'Curtis Warner' |
| **Subject:** | Scardina v. Midland Credit Management, et al - Rule 26(f) Conference |
| **Attachments:** | Proposed Protective Order_pleading.DOC |
| **OutlookEntryID:** | 00000000A335A7E35460F54FBA23B587A96B1E0C0700764C2EF374F6264F873E1DB4542E30760000000005F2B4E0000764C2EF374F6264F873E1DB4542E307600 |
| **TimeMattersID:** | MB2B79F1F4333757 |
| **TM Contact:** | Dave Scardina |
| **TM Matter No:** | 25661 |
| **TM Matter Reference:** | MIDLAND CREDIT MANAGEMENT, INC. V. SCARDINA, DAVE |

Renee,

Please let this email serve as confirmation of our completion of the Rule 26(f) conference. During our conference you indicated that your client may not be able to meet the Court deadline of July 6, 2011 to hold our face to face settlement conference and that you may be seeking an extension of that deadline. In light of the expedited discovery schedule which has been ordered by Judge Lindberg, Defendants have agreed that, despite the fact that the face to face may take place after the July 6th deadline, the parties will produce their Rule 26(a)(1) disclosures no later than June 29, 2011.

You further indicated that you anticipate the need for a protective order in this case. I am attaching a draft protective order for your review. This is a protective order which we have used in prior cases against Midland. With your approval, I will prepare a joint motion.

As we discussed the nature and defenses of the case, as well as issues related to electronically stored information, there were several areas where you were unable to provide information, but assured us that you would be discussing with your client later today. For example, you were not sure exactly what steps have been taken to preserve the class list other than a "document hold" memo had been circulated at Midland upon the filing of this litigation as well as the California litigation, or how long the back-up tapes related to the calls are maintained by Defendant. Your belief was that the back up tapes are maintained for three months. You further indicated that you intend to go to California to determine what information is available from Defendants computer system. Once you have discussed the matter with your client and gathered more information, we would like confirmation that the class list and other information used to identify the class is being preserved and an explanation as to how.

Additionally, while Defendants maintain that the predictive dialers used to call the Illinois cell phone numbers at issue in this case require human intervention, you believe that the predictive dialers are located in San Diego and will confirm as much with your client.

Also unanswered was what defenses Defendants intend to assert. Obviously, this is essential to our discovery in this matter and we anticipate that Defendants will be immediately forthcoming with this information.

Finally, we indicated that we intend to take depositions of Midland employees and that we anticipate that those depositions will take place in August. You indicated that you would discuss Midland's availability and request that time be left open during that month to complete the depositions. We will provide a formal notice identifying 30b(6) categories, but generally indicated that we anticipate the need for individuals familiar with Midland's dialing/ predictive dialer system, how records are maintained, and how information is searchable on Midland's computer system. Additionally, we anticipate the need for depositions of any individuals identified in Defendants' 26(a)(1) disclosures and the person most familiar with any defenses raised by Defendants. Again, we will issue a formal notice, but please advice your client of these general categories of information and request that they identify and hold dates in August to produce the responsive individuals.

If this does not accurately reflect our conversation, please let me know. I will prepare a draft report incorporating the court's schedule and other required information for your review.

Thank you,
Cassandra

Cassandra P. Miller
Associate Attorney
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle St., Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (fax)

7/8/2011

# EXHIBIT B

**Cassandra P. Miller**

| | |
|---|---|
| **From:** | Cassandra P. Miller |
| **Sent:** | Tuesday, June 28, 2011 4:37 PM |
| **To:** | 'Zipprich, Renee' |
| **Cc:** | 'Curtis Warner' |
| **Subject:** | Scardina v. Midland Credit Management - Protective Order |
| **OutlookEntryID:** | 0000000A335A7E35460F54FBA23B587A96B1E0C0700764C2EF374F6264F873E1DB4542E30760000005F2B4E0000764C2EF374F6264F873E1DB4542E30760C |
| **TimeMattersID:** | M4CF19F2B388D122 |
| **TM Contact:** | Dave Scardina |
| **TM Matter No:** | 25661 |
| **TM Matter Reference:** | MIDLAND CREDIT MANAGEMENT, INC. V. SCARDINA, DAVE |

Renee,
I sent you a draft protective order on June 16, 2011, but did not receive any response.  Do you have any
changes?  Otherwise, I would like to get it on file tomorrow.

Thanks,
Cassandra

Cassandra P. Miller
Associate Attorney
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle St., Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (fax)

7/8/2011

# EXHIBIT C

**Cassandra P. Miller**

| | |
|---|---|
| **From:** | Curtis Warner [cwarner@warnerlawllc.com] |
| **Sent:** | Wednesday, June 29, 2011 5:19 PM |
| **To:** | Zipprich, Renee; Cassandra P. Miller; Cathleen M. Combs; Dan Edelman |
| **Cc:** | Ted Seitz; Jonker, Amy |
| **Subject:** | Re: Scardina v. MCM, et al |

Ms. Zipprich

1. Please provide us some dates in August 2011 when Ms. Purvis and the "IT Manager" as so noted in Defendants' 26(a)(1) disclosures would be available to be deposed in San Diego.

2. Please respond to Ms. Miller's e-mail regarding whether Defendants have any revisions to the proposed protective order.

3. Please respond to Ms. Miller's e-mail regarding the ordered face-to-face settlement conference.

Also are Plaintiffs' counsel now to cc: Ms. Jonker and not Mr. Golden on this matter? Please advise.


Regards,

Curtis Warner
- - - - - - - - - - - - - - - - - -
Curtis C. Warner  cwarner@warnerlawllc.com Warner Law Firm, LLC Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
312.238.9820 (TEL)
312.638.9139 (FAX)
www.warnerlawllc.com

The contents of this message may be privileged and confidential. Therefore, if this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author.
*************************************************************************
**
Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under the Internal Revenue Code of 1986, as amended.



On 6/29/11 5:11 PM, "Zipprich, Renee" <RZipprich@dykema.com> wrote:

> Please see attached Rule 26(a)(1) disclosures.
>
> Renée L. Zipprich
> Member
> DYKEMA
> 10 S. Wacker Drive
> 23rd Floor
> Chicago, Illinois 60606
> Direct line: 312.627.2555
> Fax: 312.627.2302
> rzipprich@dykema.com
> www.dykema.com
>
> *** Notice from Dykema Gossett PLLC: To comply with U.S. Treasury
> regulations, we advise you that any discussion of Federal tax issues

# EXHIBIT D

## Cassandra P. Miller

**From:** Zipprich, Renee [RZipprich@dykema.com]
**Sent:** Wednesday, June 29, 2011 5:26 PM
**To:** 'Curtis Warner'; Cassandra P. Miller; Cathleen M. Combs; Dan Edelman
**Cc:** Seitz, Theodore; Jonker, Amy; Golden, James
**Subject:** RE: Scardina v. MCM, et al

Curtis:

1. While it appears that this is your only case, I have dozens. I will respond to you in due course re: depositions. The smoke has barely cleared from firing off the disclosures.

2. I am almost certain I will approve the protective order, but I am just waiting for confirmation from the client. I hope to have this by the end of the week. No documents are due to be exchanged in the next few weeks so thankfully this isn't an emergency.

3. As for the face-to-face, I will have to seek an extension on that deadline due to conflicts that I already apprised the court of at the status that Cassandra attended (you were not there). I will file something either tomorrow or Friday.

I am not sure whether it will be Mr. Golden or Ms. Jonker, so for now, you may copy both attorneys. Ms. Jonker is still on maternity leave but Mr. Golden is on trial so we'll see going forward.

Renée L. Zipprich
Member
DYKEMA
10 S. Wacker Drive
23rd Floor
Chicago, Illinois 60606
Direct line: 312.627.2555
Fax: 312.627.2302
rzipprich@dykema.com
www.dykema.com

-----Original Message-----
From: Curtis Warner [mailto:cwarner@warnerlawllc.com]
Sent: Wednesday, June 29, 2011 5:19 PM
To: Zipprich, Renee; 'Cassandra P. Miller'; 'Cathleen M. Combs'; 'Dan Edelman'
Cc: Seitz, Theodore; Jonker, Amy
Subject: Re: Scardina v. MCM, et al

Ms. Zipprich

1. Please provide us some dates in August 2011 when Ms. Purvis and the "IT Manager" as so noted in Defendants' 26(a)(1) disclosures would be available to be deposed in San Diego.

2. Please respond to Ms. Miller's e-mail regarding whether Defendants have any revisions to the proposed protective order.

3. Please respond to Ms. Miller's e-mail regarding the ordered face-to-face settlement conference.

Also are Plaintiffs' counsel now to cc: Ms. Jonker and not Mr. Golden on this matter? Please advise.