# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3149 | **DATE** | 7/13/2011 |
| **CASE TITLE** | Scardina vs. Midland Credit Management, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Hearing held on defendants' motion to stay [27]. Defendants' motion to stay [27] is denied, for the reasons stated below. The Court notes that defendants noticed this motion for presentment less than 24 hours after they filed it, in violation of this Court's 3-day notice requirement. Although the Court overlooked this violation because plaintiff's counsel was prepared to orally respond to the motion in court today, defendants are warned that any future motions filed without providing adequate notice will be summarily denied.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Defendants seek to stay this action on three bases. First, defendants argue that these proceedings should be stayed pending a decision by the U.S. Supreme Court in *Mims v. Arrow Fin. Servs., LLC*, No 10-1195, *cert. granted* June 27, 2011, because the Supreme Court may decide in that case that federal subject matter jurisdiction does not exist over private actions brought under the Telephone Consumer Protection Act ("TCPA"). However, the current state of the law in this Circuit is that federal courts may entertain such claims. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). The Court declines to delay proceedings here based on the possibility that the law may change at some point in the future.

Second, defendants seek to stay this action pending the resolution of ongoing rulemaking proceedings before the Federal Communications Commission ("FCC") relating to the TCPA. As plaintiff's counsel observed in oral argument, Magistrate Judge Gilbert recently denied a motion that presented the same argument on similar facts. *See Frydman v. Portfolio Recovery Assocs., LLC*, No. 11 C 524, 2011 WL 2560221 (N.D. Ill. June 28, 2011).

In a well-reasoned opinion, Judge Gilbert declined to stay his case under the doctrine of primary jurisdiction because he concluded that the issues presented in the case were not issues of first impression, and did not involve complicated technical questions that should first be resolved by the FCC. *Frydman*, 2011 WL 2560221, at *4. Judge Gilbert further concluded that the danger of inconsistent rulings was minimal or non-existent, and that judicial economy would not be served by deferring to the FCC. *Id.* at *6-7. At oral argument on defendants' motion here, defense counsel did not address plaintiff's arguments on this point or make any effort to distinguish *Frydman*. This Court declines to stay this case under the doctrine of primary jurisdiction.

Finally, defendants urge the Court to stay these proceedings because they intend to move for

**STATEMENT**

reassignment of this action to Judge Kocoras, as related to *Martin v. Midland Funding, LLC*, No. 11 C 3104, which is pending on his docket. Although both of these cases have been pending for over two months, defendants have yet to file such a motion before Judge Kocoras. Moreover, this Court sees no reason why discovery should not proceed in this case now even if it ultimately is transferred to Judge Kocoras's docket. The motion to stay is denied.

Defendants' request to extend their time for responding to plaintiff's discovery requests to a date 10 days after the entry of this order is denied. According to plaintiff's motion to bar any objections based on a need for protective order, defendants' responses to plaintiff's discovery requests are due by July 18, 2011. That date will stand.

*[signature: George W. Lindberg]*