**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVE SCARDINA, individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | 11-cv-3149 |
| v. | ) ) | Judge George W. Lindberg |
| MIDLAND CREDIT MANAGEMENT, INC.; MIDLAND FUNDING LLC; ENCORE CAPITAL GROUP, INC, | ) ) ) ) | Magistrate Judge Jeffrey T. Gilbert |
| Defendants. | ) | |

**PLAINTIFF'S MOTIONS TO: (1) COMPEL DISCOVERY; (2)
RULE TO SHOW CAUSE; AND (3)
FOR SANCTIONS**

NOW COMES Plaintiff Dave Scardina ("Plaintiff") and requests this Honorable Court to: (1) Enter an Order compelling Defendants to respond to outstanding discovery; (2) Enter a Rule to Show Cause for Defendants' failure to comply with this Court's July 13, 2011, Orders, Doc. 31 and Doc. 32; and (3) Enter an Order of appropriate sanctions.

In support of this motion, Plaintiff states:

**BACKGROUND**

1.     Plaintiff has filed a class action Complaint agents Defendants under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for the improper placement of automated calls with a prerecorded message to his cell phone without his express prior consent. The TCPA prohibits calling anyone on their cellular telephones using such automated equipment unless the caller has the "prior express consent" of the called party to make such calls. *Sengenberger v. Credit Control Services, Inc.*, 2010 WL 1791270, at *6 (N.D.Ill. May 5, 2010).

2.      On June 8, 2011, this Court held the initial status conference and set September 28, 2011, as the close of discovery date.  (Doc. 22).

3.      On June 8, 2011, after the status conference, Plaintiff's counsel in writing made requests for Defendants' counsel to promptly conduct a Rule 26(f) conference or alternatively, stipulate to Plaintiff's issuing discovery to Defendant prior to a rule 26(f) conference.  Defendant would not stipulate, even though it is permitted under Rule 26(d)(1), and would not hold a Rule 26(f) conference until June 16, 2011.

4.      On June 16, 2011, after the Rule 26(f) conference was concluded, Defendants' counsel's office was personally served with Plaintiff's first set of discovery requests.

5.      On June 16, 2011, Plaintiff's counsel submitted to Defendant's counsel a proposed protective order to which Defendant's counsel did not offer any revisions to nor accepted it.

6.      On July 13, 2011, counsel for the Parties appeared before this Court on Plaintiff's motion to bar any objections to Plaintiff's discovery on the basis of the need for a protective order.

7.      On July 13, 2011, this Court entered an Order providing:

> Hearing held on plaintiff's motion to bar any objections based on a need for protective order [25]. Plaintiff's motion to bar any objections based on a need for protective order [25] is denied as moot, based on defendants' counsel's representation in open court that defendants do not intend to object to plaintiff's discovery requests based upon the need for the entry of a protective order. (Doc. 31).

8.      On July 13, 2011, this Court also entered a separate Order providing, in pertinent part, "defendants' responses to plaintiff's discovery requests are due by July 18, 2011." (Doc. 32).

9.      On July 18, 2011, Defendants made their responses to Plaintiff's discovery requests.  A copy of Defendants' discovery responses are attached as Exhibit A

### RULE 37, LOCAL RULE 37.2 MEET AND CONFER

10.      On July 19, 2011, Plaintiff's counsel informed Defendant's counsel in writing that they wanted to conduct a Rule 37 conference and provided an outline of the general areas of discussion Plaintiff's counsel wanted to address.  Exhibit B.

11.      On July 21, 2011, Defendants made its first document production consisting on only *six (6) pages*, comprised of the collection notes as to Plaintiff's account and a *form* CardMember Agreement and Disclosure Statement from Union Plus; not an actual agreement signed by Plaintiff.  *See* Exhibit C (without the six pages of documents attached).

12.      On July 21, 2011, at approximately 11:00 a.m., Plaintiff's counsel Cassandra P. Miller and Curtis C. Warner had a telephone conference with Defendants' counsel Renée L. Zipprich and Brett J. Natarelli.

13.      During the call it was addressed that, other than the six pages of documents produced shortly before the 11:00 a.m. call, Defendants had asserted in its document request responses, "Defendants will make available for inspection and copying any non-privileged, relevant documents, to the extent they exist, at a mutually agreeable time and place." Plaintiff's counsel pressed the issue where the documents were and when could they be picked up or copied and asked whether if on that day Plaintiff's counsel were to have a paralegal fly to San Diego, California (Defendants' headquarters) to pick them up to which Ms. Zipprich responded that Defendants would not have

available any documents as she was flying to Defendants' place of business in California next week to begin to review documents.

14.     Not having reviewed documents that were to be produced on July 18, 2011, is not a valid excuse for not producing them and should constitute a waiver of withholding the documents until a latter date as an attorney is required to monitor discovery compliance and ensure that the client has both preserved potentially discoverable electronic materials, and that the client has performed a reasonable search. See Fed.R.Civ.P. 26(b)(2); *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004); *Qualcomm Inc. v. Broadcom Corp.*, 2008 WL 66932 (S.D. Cal. Jan 07, 2008), *vacated in irrelevant part*, 2008 WL 638108 (S.D. Cal. Mar 05, 2008). The result of this is likely waiver. *Ner‑Tamid Congregation of North Town v. Krivoruchko,* 2009 WL 152587, 08 C 1261 (N.D. Ill. Jan. 22, 2009); *Mosley v. City of Chicago*, 252 F.R.D. 445 (N.D. Ill. 2008).

15.     By not having the documents to which there was no objection to available to Plaintiff's counsel by the July 18, 2011, amounts to a breach of this Court's July 13, 2011 Order.  *See* Doc. 32.

16.     On July 28, 2011, Plaintiff's counsel Curtis C. Warner and James O. Latturner had a face-to-face meeting with Defendant's counsel Ms. Zipprich at 8:30 a.m. at Defendant's counsel's office's conference room on the 23rd floor.   Ms. Zipprich informed Plaintiff's counsel that she had been to Defendants' offices in California and had reviewed documents.   Ms. Zipprich however did not have any documents for Plaintiff's counsel and no more documents beyond the six pages have been produced as the filing of this motion.

17.    At the July 28, 2011 meeting, Plaintiff's counsel also inquired what investigation had been done regarding the issue of whether Defendant had any discovery whether Plaintiff provided consent to the original creditor; specifically whether an investigation into the requests to admit regarding the United Recoveries obtained Plaintiff's cell phone from skip tracing it and that Plaintiff wrote United Recoveries instructing it to stop calling his telephone number.  Ms. Zipprich did not indicate that any specific investigation had been conducted.

18.    At the close of the meeting Plaintiff's counsel informed Defendant's counsel that this motion would be forthcoming.

19.    Defendants caused to be filed on July 29, 2011, MDL No. 2286, *In re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation*, seeking this action to be transferred to the Southern District of California. Exhibit D.

20.    After consultation in person and by telephone and good faith attempts to resolve differences the parties are unable to reach an accord.

**DEFENADNTS VIOALTED THIS COURT'S ORDERS**

21.    Despite this Court's Order, Doc. 31, Defendant has objected to the following and did not produce the requested discovery under the guise of a protective order and/or confidentiality of the document sought.

**Document Production Requests**

20. For a time period from May 11, 2007 to the present, all deposition transcripts and discovery issued to any Defendant and that Defendant's response in any lawsuit filed in either federal court or state court against any Defendant attempting to or alleging a violation of the Telephone Consumer Protection Act.
**ANSWER:    In addition to the General Objections, Defendants object to Request No. 20 because it seeks information that is subject to either a protective or confidentiality court order. * * ***

21. All documents relating to contracts or agreements for the placement of automated calls using predictive dialers.
**ANSWER: * * * Defendants further object to this request on the grounds that it seeks information that is subject to a confidentiality clause. * * ***

22. All documents relating to agreements or contracts for the purchase or sale or rental of predictive dialers.
**ANSWER: * * * Defendants further object to this request on the grounds that it seeks information that is subject to a confidentiality clause. * * ***

29. All documents evidencing the payment or contract for predictive dialers used to call cellular telephone numbers with Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872), on or after May 11, 2007 (28 U.S.C. §1658), and on or before May 31, 2011.
**ANSWER: * * * Defendants further object to this request on the grounds that it seeks information that is subject to a confidentiality clause. * * ***

Exhibit A, pp. 30-33.

22.    As noted above, Defendant has not produced documents beyond six pages even though it has indicated that responsive documents exist.  Defendants' failure to produce those documents amounts to disregarding this Court's Oder requiring Defendant to make its July 18, 2011 discovery production.  (Doc. 21).

**DEFENDANTS' IMPROPER OBJECTIONS**

23.    Furthermore, Defendants' response to Plaintiff's discovery was not truly a response, but a litany of avoidance comprised of boilerplate objections of "vague, ambiguous, and an improper legal conclusion" * * * "overly broad and unduly burdensome" * * * and "premature given no class has been certified in this matter." Defendants have asserted these objections as a basis for denying well written requests for admission and to avoid responding to Plaintiff's Interrogatories.  Exhibit A ¶¶ *in passim*, see e.g. 4, 7-15, 17-18, 22-24, 32-35, 44-63, Document Requests ¶ 1-3, 6-7, 9-12, 14-15,

24.    Boilerplate objections are clearly improper as, "the mere statement by a party that the interrogatory was "overly broad, burdensome, oppressive and irrelevant" is

not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery "must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Here Defendants on multiple occasions fail to state any factual justification to support its objection.  Exhibit A see e.g. ¶¶ 32-35, 48-52, Document Requests 1-3,.

25.     Defendants object to responding to discovery or deny discovery requests on the basis that the terms "automated call", "predictive dialers", "prerecorded message", "automated equipment", "random number generator", "sequential number generator", "live operator", "synthesized message", "computerized list" and that the phrase "could determine whether a number is a cellular telephone number" and "automated placement of calls" are "vague, ambiguous, and an improper legal conclusion." Exhibit A.

26.     These are terms which have common English meanings, and indeed Defendants regularly use such terms in their business. For example, Defendant's Encore's annual report on SEC Form 10-K for the year ending December 31, 2010 states (original page 6):

> Predictive Dialer Technology. During 2010, we upgraded our predictive dialer technology to accommodate the continued expansion of our call centers. With this upgrade, we expect to have additional call volume capacity and greater efficiency through shorter wait times and an increase in the number of live contacts. We believe this will help maximize account manager productivity and further optimize the yield on our portfolio purchases. We also believe that the use of predictive dialing technology helps us to ensure compliance with certain applicable federal and state laws that restrict the time, place, and manner in which debt collectors can call consumers.

The same document, at original page 8, states:

> State and federal laws concerning identity theft, privacy, data security, the use of automated dialing equipment and other laws related to consumers and consumer

7

protection, as well as laws applicable to specific types of debt, impose requirements or restrictions on collection methods or our ability to enforce and recover certain of our receivables.

Exhibit E.

27.     Plaintiff's counsel have further been informed that a company named Nobel placed the subject calls to Plaintiff.   Nobel's website holds itself out to potential customers that its dialing system has the capability to " leave an automated message", has multiple dialer modes including, "[p]redictive dialing", that "[l]ive contacts may be also directed to a pre-recorded message." Exhibit F.

28.     Clearly, Defendants know what a "predictive dialer" and "automated dialing equipment" is. Defendants should have responded using the common English meanings, or meanings used in their business.

29.     Because Defendants' objections are without merit, Plaintiff requests this Court to treat the responses as evasive or incomplete and treat them as a failure to answer or respond. Evasive discovery responses as abusive and sanctionable. *Howard v. Sweetheart Cup Co.*, 2001 U.S. Dist. LEXIS 8682, at *6-7 (N.D.Ill. June 27, 2001).

**PLAINTIFF IS ENTITLED TO CLASS DISCOVERY**

30.     Defendants object to class discovery, for example responding to the document request, "For a time period from May 11, 2007 to May 31, 2011, all logs or other documents indicating a putative debtor's consent to receive automated calls to cellular telephone numbers" by asserting the objections without agreeing to produce anything, "**In addition to the General Objections, Defendants object to Request No. 1 on the grounds that it is premature given that no class has been certified in this matter. Defendants further object to this request on the grounds that it is overly**

**broad and unduly burdensome, in that it would require MCM to manually and individually review every MCM account in Illinois over a four year period."** (Exhibit A, p. 24).

31.     A review of the collection notes is clearly ministerial in nature and does not bar class certification and likewise should not bar the requirement that Defendants here conduct a similar search of its records. In *Sadler v. Midland Credit Mgmt.*, 06 C 5045, 2009 U.S. Dist. LEXIS 26771 (N.D. Ill. March 31, 2009), the court rejected that defendant's argument that a manual review of its collection files makes the class' claim individualized.  In rejecting this argument the court noted that:

> An identifiable class must be ascertainable through 'objective criteria,' *Lau v. Arrow Fin. Servs., LLC*, 245 F.R.D. 620, 624 (N.D. Ill. 2007), such that the information necessary to determine membership is ascertainable through 'ministerial review' rather than 'arduous individual inquiry.' *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366, 370 (N.D. Ill. 2008).

*Id.* at * 4-5.

The *Sadler* court also specifically rejected that defendant's "shortcomings of their own database" argument arguing that a manual review of a query would need to be completed and therefore the class should not be certified, stating:

> Such a review might prove 'administratively burdensome,' but a review for such straightforward 'objective criteria' nevertheless remains ministerial in nature. *Ramirez*, 250 F.R.D. at 370 (holding that identifiability had been achieved in a FDCPA action, where class membership depended upon whether written contracts had been attached to the debt collector's complaints against consumers).

*Id.* at * 5.

32.     Based on Plaintiff's counsel experience in another TCPA case, Defendant's can conduct a search of their and the creditor's files and determine which consumers gave their telephone numbers to the original creditor.  Exhibit G, pp. 3-4 (

defendant's response to discovery noting that 44 persons out of the potential 2,074 person cell phone class provided their cellular telephone number to the original creditor)

33.     Furthermore, Defendants always have the option of producing the collection notes (which are in electronic format and capable of being searched) so that plaintiff can extract the necessary information. Fed. R. Civ. P. 33(d).

34.     Defendants' objections that it need not answer discovery as no class has been certified is improper as it is well-established that a plaintiff may take discovery on class certification issues, including the class list, before a class has been certified. 2003 Advisory committee note to Fed.R.Civ.P. 23(c)(1)(A); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890 (7th Cir. 1981); *accord, Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571-72 (2d Cir. 1982); *Dillon v. Bay City Construction Co., Inc.*, 512 F.2d at 804 (4th Cir. 1979); *Pittman v. E.I. duPont de Nemours & Co., Inc.*, 552 F.2d 149, 150 (5th Cir. 1977), *Parker v. Risk Mgmt. Alternatives, Inc.*, 206 F.R.D. 211, 214 (N.D.Ill. 2002) (FDCPA Case); *Morris v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 336, 341(N.D.Ill. 2001) (FDCPA case); *Nash v. City of Oakwood*, 90 F.R.D. 633, 636-637 (S.D. Ohio 1981); *National Org. for Women v. Sperry Rand Corp.*, 88 F.R.D. 272, 277 (D. Conn. 1980); also see *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351, n.13 (1978).

35.     There can be no question that Plaintiff is entitled to discovery on class issues, including numerosity of the class. *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351, n.13 (1978); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890 (7th Cir. 1981); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974)

("[S]ome degree of discovery may be appropriate in certain cases to aid making the necessary class determinations.").

36.     Plaintiff in this case has the burden of proving all of the elements under Rule 23(a), (b)(3) for a class to be certified. FED. R. CIV. P. 23. Defendant's objections and refusal to answer discovery regarding the numerosity, a requirement under Rule 23(a)(1), of the TCPA class amounts to purposefully withholding relevant evidence. *See Lau v. Arrow Fin. Servs., LLC*, 245 F.R.D. 620, 624 (N.D. Ill. 2007) (Guzman, J.) (*citing Ringswald v. County of DuPage,* 196 F.R.D. 509, 511 (N.D. Ill. 2000) ("plaintiff must provide some evidence that the class exists; mere speculation will not suffice."); *Parker v. Risk Mgmt. Alternatives, Inc.*, 206 F.R.D. 211, 212 (N.D. Ill. 2002)).

37.     In short, it was improper for Defendant to object to class discovery regarding numerosity. *See e.g. Razilov v. Nationwide Mut. Ins. Co.*, 01-1466-BR , 2004 U.S. Dist. LEXIS 14004 (D. Or. July 24, 2004) (granting plaintiffs' renewed motion to compel discovery regarding numersoity); *Kaufman v. Am. Family Mut. Ins. Co.*, 05-cv-02311-WDM-MEH, 2008 U.S. Dist. LEXIS 32497 * 11 (D. Colo. Apr. 21, 2008) (noting, "Plaintiff filed a motion to compel (doc no 107) to obtain information relating to the numerosity component of the proposed class action. American Family objected but upon order of the Court produced claims files for Plaintiff's review.").

38.     Furthermore, in absence of an order bifurcating merits first discovery, "Pre-certification discovery that is permitted 'should be sufficiently broad that the plaintiffs have a fair and realistic opportunity to obtain evidence which will meet the requirements of Rule 23, yet not so broad that the discovery efforts present an undue burden to the defendant.'" *Welch v. Eli Lilly & Co.*, 1:06-cv-0641-RLY-JMS, 2009 U.S.

11

Dist. LEXIS 21417 * 22 (N.D. Ind. Mar. 16, 2009) (*citing Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 305 (D. Colo. 1998), *citing National Organization for Women v. Sperry Rand Corp.*, 88 F.R.D. 272, 277 (D. Conn. 1980)).

39.     In *Donnelly v. NCO Fin. Sys.,* 263 F.R.D. 500 (N.D. Ill. 2009), another case brought as a class action under the TCPA, another court noted that, "Plaintiff wants NCO to produce a list of all persons it called on cellular telephones with area code 312 or 773 and using a predictive dialer or automatic voice, since August 19, 2008." *Id.*, at * 503  (Defendant's objections *overruled by*, *Donnelly v. NCO Fin. Sys.,* 2010 U.S. Dist. LEXIS 40771 ("For the reasons set forth in this order, the Court overrules NCO's objections to Magistrate Judge Nolan's December 16, 2008 order and directs NCO to comply fully with it or face sanctions that may include striking its defenses.").  The court in *Donnelly*, ultimately concluded that, "This court agrees with Judge Keys's sound reasoning in *Fike* and finds that NCO must produce the requested class-wide documents and information relating to its prior express consent defense." *Id.*, at *9.  Likewise, in a similar manner, at the pre-class certification stage Defendant must respond to the number of class members in the TCPA putative class definition.

**DISCOVERY ON DEFENDANTS' AFFIRMATIVE DEFENSE**

40.     Defendants have raised that as an affirmative defense that Midland Credit Management's "technology does not constitute an 'automatic telephone dialing system" under 47 U.S.C. § 227(a)(1).  (Doc. 24, Defs. Answer, p. 17).

41.     Yet Defendant in Paragraph 54, an interrogatory, requested Defendants to, "Identify the company that provided any predictive dialers used by any Defendant" to which it answered, "**In addition to the General Objections, Defendants object to**

**Interrogatory No. 54 on the grounds that the undefined term "predictive dialers" is an improper legal conclusion. Defendants further object to this request as it seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence."** Exhibit A ¶ 54.

42.     This discovery response that Plaintiff seeks here is clearly discoverable.

Fed. R. Civ. P. 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows:
>
> Parties may obtain discovery <u>regarding any nonprivileged matter that is</u> <u>relevant to any party's claim or **defense**</u> -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  [Emphasis added.]

See also *Morris v. Swank Educ., Enters.*, case no. 04 C 50056, 2004 U.S. Dist. LEXIS 16655 (N.D. Ill. Aug. 20, 2004); *Thomas v. Bowman Heintz Boscia & Vician, P.C.*, 2008 WL 5070471 (S.D.Ind. Nov. 26, 2008); *EEOC v. Bloomin' Apple Rockford I, LLC*, case no. 04 C 50375, 2006 U.S. Dist. LEXIS 2708 (N.D. Ill. Jan. 24, 2006); cf. *Martinez v. Baldwin Steel Co.-Chicago Div.*, 2000 WL 1029228 (N.D.Ill. July 26, 2000) (holding that affirmative defenses were waived because they were raised at the eleventh hour of discovery period).

**REQUESTS FOR ADMISSION**

43.     Rule 36(a)(4) provides:

> ***If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it***. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny ***only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny***.

FED. R. CIV. P. 36(a)(4).

44.     "The purpose of Rule 36(a)(4) is 'to define the matters in controversy and expedite the trial by narrowing the issues in dispute.'" *Merix Pharm. Corp. v. EMS Acquisition Corp.*, 2010 U.S. Dist. LEXIS 98606 * 13 (N.D. Ill. Sept. 21, 2010) (*quoting Starks-Harris v. Taylor*, No. 08-CV-176, 2009 U.S. Dist. LEXIS 16768, 2009 WL 535778, at *2 (N.D. Ind. Mar. 3, 2009)).

45.     In *Loudermilk v. Best Pallet Co., LLC*, 08 C 6869, 2009 U.S. Dist. LEXIS 93915 * 3-4 (N.D. Ill. Oct. 8, 2009) the court stated:

> Generally, a responding party complies with Rule 36(a)(4) by consulting persons under its control. [*Hanley v. Como Inn, Inc.*, 2003 U.S. Dist. LEXIS 7130, at *5, 2003 WL 1989607 (N.D. Ill. Apr. 28, 2003)]. 'Reasonable inquiry includes investigation and inquiry of any of [a responding party's] officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response.' *Taborn v. Unknown Officers*, 2001 U.S. Dist. LEXIS 1932, at *3, 2001 WL 138908 (N.D. Ill. Feb. 16, 2001) (quoting *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997)). A 'reasonable inquiry' may also require the responding party to consult third parties. *Brown et al. v. Overhead Door Corp.*, 2008 U.S. Dist. LEXIS 82522, at *5-7, 2008 WL 4614299 (N.D. Ill. Oct. 16, 2008) (Mahoney, M.J.); [Lambert v. Owens et al., 2002 U.S. Dist. LEXIS 14789, at *2, 2002 WL 1838163 (N.D. Ill. Aug. 9, 2002)].

46.     Here, Defendants do not follow Rule 36(a)(4) and responded to numerous requests for admission with, "Defendants are without sufficient information to admit of deny this allegation, and therefore deny the same." Exhibit A, Answers to Requests for Admission, ¶¶ 16, 29, 30.

## REQUEST FOR SANCATIONS

Plaintiff requests that appropriate sanctions under Rules 37(b)(2)(A) and its subsections along with Rule 37(b)(2)(C) are imposed for Defendants' failure to comply with this Court's discovery orders.  Furthermore, "[t]he great operative principle of Rule 37(a)(4) is that the loser

pays." *Rickels v. City of South Bend*, 33 F.3d 785, 786 (*quoting* Charles Alan Wright & Arthur R. Miller, 8 *Federal Practice and Procedure* § 2288 at 787 (1970)). "Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution and curtails the ability of litigants to use legal processes to heap detriments on adversaries (or third parties) without regard to the merits of the claims." *Rickles*, 33 F. 3d at 786.

## CONCLUSION

**WHEREFORE**, the reasons above, Plaintiff requests this Honorable Court to compel discovery, enter an Order to Show Cause, and for appropriate sanctions.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner        (6282197)
cwarner@warnerlawllc.com
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)