IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVE SCARDINA, individually and on behalf of a class,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, ENCORE CAPITAL GROUP, INC.,<br><br>　　　　　Defendants. | Case No. 11-cv-3149<br><br>The Honorable George W. Lindberg<br><br>Magistrate Judge Jeffrey T. Gilbert |

## MOTION TO CLARIFY AND AMEND SCHEDULING ORDER

Defendants, Midland Credit Management, Inc., Midland Funding LLC, and Encore Capital Group, Inc. ("Defendants"), respectfully move this Court to: (1) clarify its Minute Order [DE 46] continuing Plaintiff's Motion to Compel and for Sanctions [DE 34] to November 30, 2011 at 10:30 AM; (2) officially strike the September 28, 2011 discovery deadline, per the hearing on August 31, 2011 (*see* Transcript of August 31, 2011 Hearing, attached hereto as Exhibit A); and (3) amend the current discovery and pre-trial schedule accordingly. In support of their Motion, Defendants state as follows:

　　　　1.　　This case was first filed on May 11, 2011. DE 1. The parties held their Rule 26(f) conference on June 16, 2011, just eight days after the initial status conference. Since that time, the parties have worked through and resolved numerous discovery disputes and have agreed on a framework for moving forward with partial class discovery, prior to certification, based on sampling. At the most recent status hearing on August 31, 2011, the parties informed the Court of their progress.

2. In particular, Defendants' counsel advised the Court that both parties had agreed to conduct class discovery by way of limited sampling, and Defendants' counsel further advised that the class discovery via sampling would take at least three months to complete. *See* Ex. A hereto, Transcript of Aug. 31, 2011 Hearing. The discovery deadline had initially been set for September 28, 2011, which would not allow enough time to complete the class discovery. *See* DE 22 (initial scheduling order). After hearing from both parties, the Court continued Plaintiff's Motion to Compel and for Sanctions [DE 34] until November 30, 2011, and the parties understood this to mean that the Court had granted the three months to conduct class discovery:

> MS. ZIPPRICH: . . . And we have agreed to a number of other issues that were on the table, but the biggest issue, I think, was the class discovery. I'm not sure if your Honor has had a chance to review the plan that we submitted. That was prepared by plaintiffs' counsel. We signed off on it. It definitely memorialized all of our agreements. We are prepared to file a motion, if your Honor needs to see something in writing. But as was presented to your Honor in the report, it's going to take us a good three months to get through this sort of sampling because there's so many different systems that we have to access on defendants' sites in different locations to get the material. And I'm not going to speak for counsel, but at the meeting, it seemed acceptable to them. And, so, we would just ask your Honor to allow us that amount of time to get through that class discovery and, then, resolve any other issues that are on the table.
>
> THE COURT: Is that about it?
>
> MS. MILLER: We would leave it to the Court's discretion as to whether or not to extend the deadline. Obviously, we need the information to proceed forward with our class certification motion. Counsel's represented that that's the amount of time it would take, and we're moving forward on that basis.
>
> THE COURT: Let us have you back, then, on November 30th at 10:00 o'clock.
>
> MS. ZIPPRICH: Great.
>
> THE COURT: We will see where you are at that point.

>  MS. ZIPPRICH: Okay.
>
>  THE COURT: Thanks.

Ex. A hereto, Transcript of Aug. 31, 2011 Hearing at 3-4.

    3.    As explained to Plaintiff's counsel, the discovery issues in this case are very complex. In order to even ascertain whether one single individual is a member of the class, the Defendants will have to make several determinations, none easily retrievable from records. First, Defendants will need to isolate phone calls made to Illinois phone numbers. Second, Defendants will need to isolate Illinois debtors called with the aid of a dialing system, a small subgroup of the debtors called. Third, Defendants will need to isolate from that smaller group only those numbers which are cellular phone numbers; doing so will require the use of a third-party vendor to analyze and scrub the numbers. Fourth, once the proper cellular phone call recipients have been identified, Defendants must examine multiple sets of records to determine if the recipient consented to the call; for this purpose, loan-level account records and notes will need to be manually reviewed. Fifth, Defendants must then isolate from the final group only those callers who received what Plaintiff characterizes as a "prerecorded message."[1] *See* DE 44 (Report of Rule 37 Conference); DE 37 at ¶¶ 12-20 and Exhibit A thereto ¶ 6.

    4.    Each of these steps is likely to be complicated and cumbersome. *See id.* Sorting through these complexities will take a substantial amount of time. Because each step necessarily depends on the last, they must be done in sequence, and not all at once. For all of these reasons, Defendants anticipate that it will take at least three months to complete this process. *See* DE 44 (Report of Rule 37 Conference); Ex. A hereto (Transcript of Aug. 31, 2011 Hearing).

---

[1] Defendants deny that they use "prerecorded messages" as defined by the TCPA. *See, e.g.,* Answer [DE 24] at ¶ 25.

5.      While working on isolating a sample of the putative class members, the parties intend to continue conducting discovery on other fronts including depositions of Plaintiff and Rule 30(b)(6) depositions of the Defendants.  To date, however, *no depositions have gone forward*, and none of the primary deposition dates have even been set.

6.      Plaintiff has only just recently noticed up the depositions of certain third-parties who own the dialing systems allegedly used to place calls.  A significant amount of other third-party discovery is also anticipated, from both Plaintiff and Defendant, but it is only just beginning.

7.      Accordingly, Defendants respectfully request that the Court clarify its Minute Order by formally striking the September 28, 2011 discovery cut-off date.  Because the sampling class discovery is anticipated to take at least three months, additional discovery on more discrete issues will need to be conducted during the sampling, and at least some limited discovery may be necessary even after the sampling process is complete, Defendants respectfully request that the Court clarify its Minute Order [DE 46] to extend the discovery deadline to a date certain, up to and including January 16, 2012, to allow for processing of the data and any follow-up needed between the parties, and to allow time for the holiday season in November and December.

8.      With the change in the discovery cut-off, Defendants also respectfully request that the Court amend the Scheduling Order [DE 22] to reflect the revised cut-off date, and otherwise keeping the same schedule, as outlined below:

- Dispositive motions with supporting memoranda due by January 30, 2012. Responses due by February 13, 2012.  Replies due by February 20, 2012.  Ruling on any motion for summary judgment set for March 21, 2012 at 10:00 AM.

- Final Pretrial Order due by April 2, 2012, and to be submitted to chambers (not e-filed) by 2:00 PM on that date.

- Jury Trial set for April 24, 2012 at 10:00 AM.

WHEREFORE, Defendants, Midland Credit Management, Inc., Midland Funding LLC, and Encore Capital Group, Inc., respectfully request that the Court grant this Motion and extend the deadline to complete discovery to January 16, 2012, to amend the Scheduling Order, and for any additional relief the Court deems just and proper.

Dated:  September 2, 2011               Respectfully submitted,

**MIDLAND CREDIT MANAGEMENT, INC., MIDLAND FUNDING LLC, AND ENCORE CAPITAL GROUP, INC.**

By:  s/ Renee L. Zipprich
Renee Zipprich (rzipprich@dykema.com)
Brett J. Natarelli (bnatarelli@dykema.com)
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois  60606
Phone: 312-876-1700
Fax:     312-627-2302

Theodore W. Seitz (tseitz@dykema.com)
DYKEMA GOSSETT PLLC
Capitol View
201 Townsend Street, Suite 900
Lansing, Michigan  48933
Phone: (517) 374-9100
Fax:     (517) 374-9191

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Curtis C. Warner
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Suite 560
Chicago, IL  60601
(312) 238-9820 – tel.

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
Edelman Combs Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor
Chicago, IL  60603
(312) 739-4200

                                                     s/ J. Richard Madamba

CHICAGO\3349869.3
ID\BJN - 097356/0103